## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FT. WORTH DIVISION

| | | |
|---|---|---|
| **MICHELLE NGO and MARIA MERCEDES JIMENEZ,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No.  4:19-cv-997** |
| | § | |
| **GLOBAL INSTUTUTE OF SPINE & JOINT CARE LLC and DR. VIVEK MEHTA** | § § § § | **Jury Demanded** |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Michelle Ngo and Maria Jimenez bring this Fair Labor Standards Act ("FLSA") suit against Global Institute of Spine & Joint Care LLC and Vivek Mehta and show as follows:

### I.      NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and  one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.      Defendants failed to pay Plaintiffs in accordance with the FLSA in that they failed to pay Plaintiffs time and one-half their regular hourly rate (overtime pay) for working weekly hours worked in excess of 40 (overtime hours).  Plaintiffs bring this action as a failure to pay wages in accordance with the Fair Labor Standards Act. 29 U.S.C. §§ 206-7, 215(a)(2).

## II.    PARTIES

3.      Plaintiff Michelle Ngo ("Plaintiff Ngo") is an individual who resides in Pennsylvania and was employed by Defendant within the meaning of the FLSA in the three years prior to the filing of this Complaint. Plaintiff Ngo is a former non-exempt worker that held the title of "Practice Manager." She was responsible in whole or in part for managing the office, staff, and patients.

4.      Plaintiff Maria Mercedes Jimenez ("Plaintiff Jimenez") is an individual who resides in Tarrant County, Texas and was employed by Defendant within the meaning of the FLSA in the three years prior to the filing of this Complaint. Plaintiff Jimenez is a former hourly paid employee that held the title of "Medical Assistant." She was responsible in whole or in part for completing administrative and clinical tasks in the office.

5.      Defendant Global Institute of Spine & Joint Care LLC ("Global Institute") maintains its primary place of business in Arlington, Texas. The Company may be served with process through its Registered Agent of Service, Vivek Mehta, who may be served at 13872 FM 548, Forney, TX 75126, or wherever it may be found.

6.      Defendant Dr. Vivek Mehta ("Defendant Mehta") is an individual and may be served with process at 13872 FM 548, Forney, TX 75126, or wherever he may be found.

## III.    JURISDICTION AND VENUE

7.      This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.

8.      Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## IV.    COVERAGE

9.      At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

10.     At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, Defendant Global Institute has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.     FACTUAL ALLEGATIONS

13.     Defendant Global Institute provides treatments for spinal diseases that cause back and neck pain and any other chronic pain conditions to clients throughout Texas. It earns in excess of $500,000.00 in gross sales per year.

14.     Plaintiff Ngo worked as a "Practice Manager" for Defendants during the three years prior to the filing of this lawsuit through approximately June 2019. She was paid $18.00/hour. Plaintiff Ngo's duties included managing the office, overseeing staff, opening and closing the clinic, managing patient care, credentialing, billing codes, and paying bills. Plaintiff Ngo performed first-round interviews and fired employees at Defendant Mehta's discretion, but she did not have the authority to decide who would be hired or fired. Plaintiff Ngo regularly worked in excess of 40 hours per week, but was paid the same hourly rate for all hours she worked, even those hours over 40. In addition to the straight time for overtime hours, Plaintiff was not permitted to clock in for

the first 30 minutes she was at work, and as a result, was not compensated at all for this two and a half hours per week. Because these hours were hours over 40, she should be compensated at time and one half her regular rate of pay for this time.

15.     Plaintiff Jimenez worked as a "Medical Assistant" for Defendants from February 2018 through approximately August 2019. She was paid $14.00/hour for the majority of her employment. Plaintiff Jimenez's duties included assisting in patient care, rooming patients, taking vitals, entering medicines, checking medical history, and updating medical charts. Plaintiff Jimenez worked in excess of 40 hours in a work week, but she was not paid time and one half her regular rate of pay for hours over 40. Instead, she was paid her regular rate. In essence, Plaintiff Jimenez was paid straight time for overtime.

16.     Defendants failed to pay Plaintiffs in accordance with the FLSA. Specifically, Defendants failed to pay Plaintiffs time and one half their regular rates of pay for hours worked over 40 in a workweek. As a result of these practices, Plaintiffs were not paid for all hours they worked for Defendant.

17.     Defendant Mehta hired an accountant who informed Defendant Mehta that he was required to pay his employees overtime. Plaintiffs received overtime pay on one check, but Defendant Mehta confiscated the checks and ordered the accountant to redo the checks. After this incident, the accountant no longer worked for Defendants.

18.     Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI.     CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

19.     During the relevant period, Defendants have violated and have been violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing

employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for all work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees.  Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

## VII.    RELIEF SOUGHT

20.    WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b.    For an Order awarding Plaintiffs the costs of this action;

c.    For an Order awarding Plaintiffs attorneys' fees;

d.    For and Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_/s/ J. Forester_____
**J. FORESTER**
Texas Bar No. 24087532
Forester Haynie, PLLC
**MEREDITH MATHEWS**
Texas Bar No. 24055180

400 N. St. Paul Street, Suite 700
Dallas, Texas  75201
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com
mmathews@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**